IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL E. BARGO, Jr., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-3117 |
| ) | |
| J.B. PRITZKER, in his official ) | |
| capacity as Governor of the State of Illinois; ) | |
| EMANUEL WELCH, in his official ) | |
| capacity as Speaker of the Illinois House of ) | |
| Representatives; KWAME RAOUL, in his ) | |
| official capacity as Attorney General of ) | |
| Illinois; DON HARMON, in his official ) | |
| capacity as President of the Illinois Senate, ) | |
| ) | |
|     Defendants. ) | |

OPINION

RICHARD MILLS, United States District Judge:

*Pro se* Plaintiff Michael E. Bargo, Jr. filed a complaint wherein he challenges the constitutionality of the Illinois criminal eavesdropping statute, 720 ILCS §§ 5/14-1 through 5/14-9.

Defendants JB Pritzker, in his official capacity as Governor of Illinois; Emanuel "Chris" Welch, in his official capacity as Speaker of the Illinois House; Kwame Raoul, in his official capacity as Illinois Attorney General; and Don Harmon, in his official capacity as Illinois Senate President, move to dismiss the

1

complaint under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction.

Plaintiff Bargo has not responded to the motion to dismiss.

I.

Federal judicial power extends only to certain cases and controversies. *See Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 383 (7th Cir. 2018). In order to invoke the Court's jurisdiction, a plaintiff "must establish the elements of standing: "[he] must prove that [he] has suffered a concrete and particularized injury that is both fairly traceable to the challenged conduct and likely to be redressed by a favorable judicial decision." *Bazile v. Finance System of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). A challenge to standing is properly brought under a motion to dismiss under Rule 12(b)(1). *See id*. While the Court draws all reasonable inferences in plaintiff's favor, a plaintiff's allegations must plausibly suggest each element of standing in order to withstand a motion to dismiss. *See id*.

"[R]ipeness, when it implicates the possibility of this Court issuing an advisory opinion, is a question of subject matter jurisdiction under the case-or-controversy requirement." *Wisconsin Cent., Ltd v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008).

In his complaint, the Plaintiff describes his claims as both a preenforcement and an as-applied constitutional challenge to the Illinois criminal eavesdropping statute. In paragraph 47 of his complaint, the Plaintiff generally alleges that but for his fear of prosecution under the statute, he "records the words spoken by an Illinois police officer directed towards him." In paragraph 26, the Plaintiff alleges that when he tried to vote during a national election on November 4, 2020, "he was fraudulently told he had 'already voted' . . . by the clerk at the official polling place when he presented his voter registration." The Plaintiff claims that but for the existence of the eavesdropping statute, he would have used his cell phone to record the conversation that took place between him and the poll worker. The Plaintiff alleges this incident occurred at a polling place in Chicago, Cook County, Illinois.

To the extent that Plaintiff relies on *ACLU v. Alvarez*, 679 F.3d 583, 586 (7th Cir. 2012) to allege standing based on a threat of prosecution under the eavesdropping statute for recording police officers performing their duties in public, the Court notes that the Illinois Supreme Court found that version of the eavesdropping statute unconstitutional because it violated the overbreadth doctrine under the First Amendment. *See People v. Clark*, 2014 IL 115776.

II.

The Illinois eavesdropping statute was amended in 2015 and took effect on January 1, 2016. *See* Public Act 99-352, § 20-155. The eavesdropping statute

contains definitions, 720 ILCS 5/14-1, elements of the offense and affirmative defenses, *id*. § 5/14-2, and specific exemptions, *id*. § 5/14-3. The following language now appears in the current version of the law:

> Nothing in this Article shall prohibit any individual, not a law enforcement officer, from recording a law enforcement officer in the performance of his or her duties in a public place or in circumstances in which the officer has no reasonable expectation of privacy. However, an officer may take reasonable action to maintain safety and control, secure crime scenes and accident sites, protect the integrity and confidentiality of investigations, and protect the public safety and order.

*Id*. § 5/14-2(e). Unlike the plaintiff in *Alvarez* under the previous eavesdropping statute, it does not appear that Plaintiff in this case can allege a credible threat of prosecution under the current Illinois eavesdropping statute.

In any event, the Plaintiff has not alleged any of the Defendants have taken steps to enforce the criminal eavesdropping statute against him or others. Moreover, three of the four Defendants—the Governor, Speaker of the House and the Senate President--lack the authority to commence a prosecution. The Illinois Constitution of 1970 established separate legislative, executive and judicial branches. Ill. CONST. art. II, § 1. The legislative branch consists of a senate and a house of representatives. *Id*., art. IV (power and structure of the Legislature). The Governor and Attorney General are both officers within the executive branch. *Id*. art. V, §§ 1 (executive branch), 8-13 (powers of Governor), 15 (duties of Attorney General).

The Illinois Constitution also established a State's Attorney for each Illinois County. *Id.*, art. VI, § 19.

State laws govern the powers of State's Attorneys and the Attorney General. *See* 55 ILCS 5/3-9005; 15 ILCS 205/0.01 *et seq*. "The duty of each State's attorney shall be . . . [t]o commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned." 55 ILCS 5/3-9005(a)(1). "The power of the Attorney General may be exercised concurrently with, or independently of, the power of the State's Attorney to initiate and prosecute all actions, suits, indictments, and prosecutions in his county as conferred by statute." 15 ILCS 205/4. However, the Attorney General lacks the power to take exclusive charge of the prosecution of those cases over which the State's Attorney shares authority, unless a statute so provides. *See People v. Buffalo Confectionery Co.*, 78 Ill.2d 447, 455 (1980).

Here, the criminal eavesdropping statute does not confer exclusive jurisdiction to the Attorney General to bring criminal prosecutions for violation under the law. *See* 720 ILCS §§ 5/14-1 through 5/14-9. Accordingly, any prosecution brought against the Plaintiff for violations of the eavesdropping statute would be brought by the State's Attorney for the county in which the offense occurred. The Plaintiff cannot meet Article III's Case or Controversy requirement

5

because there is no "concrete and particularized" injury that is actual or imminent and no injury theoretically traceable to the Defendants in this action. Attached to the Plaintiff's complaint are a number of cases which demonstrate that it is the State's Attorney for a particular county who initiates a prosecution.

The Plaintiff has not alleged or identified any criminal prosecutions by the Attorney General. Accordingly, there is no case or controversy between the parties and the Court lacks jurisdiction over the subject matter. Because the Plaintiff has not alleged facts that satisfy Article III's Case or Controversy requirement, the Court will dismiss the Plaintiff's claims for lack of jurisdiction.

Ergo, the Defendants' Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction [d/e 11] is GRANTED.

The Clerk will terminate this case and enter Judgment.

ENTER: January 28, 2022

    FOR THE COURT:

                                          /s/ *Richard Mills*
                                          Richard Mills
                                          United States District Judge